**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Northwest Airlines, Inc.,**
**a Minnesota Corporation,**

**Plaintiff,**

**v.**

**R&S Company S.A., an Egyptian company; R&S Travel, S.A.L., a Lebanese company, and R&S S.A.L., A Lebanese Company**

**Defendant.**

**Civil No. 01-553 (JMR/SRN)**

**ORDER**

---

Perry M. Wilson, Esq., on behalf of Plaintiff.

Seymour J. Mansfield, Esq., on behalf of Mansfield, Tanick & Cohen, P.A.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on January 17, 2002, on Defendants' Counsel's Motion to Withdraw (Doc. No. 52).

This Order addresses that Motion.

## I. MOTION TO WITHDRAW AS COUNSEL

### A. Background.

Since 1979, Plaintiff and Defendant R&S Company S.A. (R&S Co.) maintained a business relationship. Their agreement provided for arbitration in accordance with the rules of the American Arbitration Association, and also provided that the laws of the United States would govern in cases of dispute.

MAR 0 1 2002
FILED ____
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

Plaintiff terminated the agreement in the Fall of 1999, and filed a Demand for Arbitration with the American Arbitration Association. In response, R&S Co. stated that its proper name was R&S Travel, S.A.L. (R&S S.A.L.), and that it was a Lebanese company. R&S S.A.L. objected to arbitration of Plaintiff's claims concerning the termination of the agreement, stating that the courts of Lebanon had exclusive jurisdiction over such claims. R&S S.A.L. then brought suit in Lebanon, seeking compensation from Plaintiff for termination of the agreement under Lebanese law. In response, Plaintiff filed a petition to compel Defendants to arbitrate the dispute and to enjoin the Lebanese action. Defendants then moved to dismiss for lack of personal jurisdiction, or for summary judgment.

In a November 30, 2001 Order, the Honorable James M. Rosenbaum, Chief Judge for the United States District Court for the District of Minnesota determined that Plaintiff had made a prima facie showing of personal jurisdiction, granted the motion for preliminary injunction, and ordered Defendants to arbitrate their claims in Minnesota.

On December 21, 2001, Defendants' counsel, Mansfield, Tanick & Cohen, P.A. (the Mansfield firm), received a letter via email, dated the same day, informing it that Defendants had terminated its legal services, and asking it to withdraw as counsel in the present action. In response, the Mansfield firm brought this motion, requesting that the Court permit withdrawal without substitution pursuant to D. Minn. LR 83.7(c).

On December 26, 2001, the Mansfield firm informed Plaintiff that it had been terminated, and sought Plaintiff's consent to its withdrawal. Plaintiff agreed to the withdrawal only if new counsel was substituted. Upon learning that no counsel would be substituted, Plaintiff opposed the present motion.

**B. Discussion.**

Local Rule 83.7(c) of the United States District Court for the District of Minnesota provides that "[w]ithdrawal without substitution may be granted only by a motion made before the Court, for good cause shown." "The decision to allow counsel to withdraw is left to the sound discretion of the district court." Fleming v. Harris, 39 F.3d 905, 908 (8th Cir. 1994).

The Eighth Circuit has not addressed the particular issues involved in the present motion. Both parties base their arguments, in part, on a Third Circuit case and a subsequent district court case. In Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 677 (3rd Cir. 1986), the plaintiffs prevailed in their products liability case against a Turkish pistol manufacturer. After the defendant lost on appeal, it dismissed its counsel. Id. at 678. The Third Circuit denied the defendant's counsel's subsequent motion to withdraw. It explained as follows:

> the purposes of Local Rule 18(c) include providing for communications between the litigants and the court, as well as ensuring effective court administration. In the instant case, the Ohntrups have recovered a substantial judgment against Makina and have just begun efforts to collect it. Makina is a Turkish corporation that claims it has done no business in the United States since 1975. It is located in Ankara, Turkey, and is wholly owned by the Turkish government. Many of Makina's officers and agents do not speak or understand English. This communication gap is exacerbated by the lack of modern communication techniques in Turkey. The record also demonstrates that Makina has been an intractable litigant. Under these circumstances, the district court found that permitting Morgan to withdraw would leave the court without the possibility of effective communication with Makina, as well as without a reliable mechanism for responsible supervision of the post-judgment aspects of this litigation. These findings are not clearly erroneous.

Id. at 679. The court further explained that "a law firm is entitled to withdraw once the firm demonstrates to the satisfaction of the district court that its appearance serves no meaningful

purpose, particularly in so far as an opposing interest is concerned." Id. at 680.

In Weintraub Brothers Co. v. Attraction House Co., Ltd., 1995 WL 234186 (E.D. Pa.), the court cited Ohntrup, when denying a motion for withdrawal. It explained as follows:

> Many of the factors which the Court of Appeals found to be decisive in *Ohntrup* are also present in the case sub judice in addition to other factors which we find significant. First, Attraction House is a foreign (Japanese) corporation. Second, Attraction House is located in Tokyo, Japan. Third, Attraction House's principal, Katsuhiko Niitsuma is not fluent in English. Fourth, the record reveals that Attraction House has been an intractable litigant from the outset of this litigation. Fifth, this case has not yet even reached the post-judgment phase as had *Ohntrup*. The parties have only recently finished discovery and this case was listed for trial on April 3, 1995. Trial was continued because of Attraction House's directions to the Covington firm three weeks before the trial to take no further action on its behalf. Plaintiff and Yoshi have since filed motions for summary judgment against Attraction House and plaintiff continues to seek injunctive relief against Attraction House. In addition, we have decided that Attraction House's counterclaim remains. In short, there remains much more to be done in this matter than was the case in *Ohntrup* wherein the Court of Appeals affirmed the district court's denial of the defendant's law firm motion to withdraw. Sixth, the Covington firm also represented Attraction House in numerous settlement discussions which nearly resulted in a settlement of this matter. We would like Covington to remain as counsel for Attraction House should Attraction House decide to renew settlement negotiations. Seventh, granting Covington leave to withdraw could violate the general prohibition against corporations appearing in court unrepresented by counsel. *See Rowland v. California Mens Colony*, 113 S.Ct. 716, 721 (1993) ("It has been law for the better part of two centuries that a corporation may appear in federal courts only through licensed counsel.") The purpose of this rule is the protection of the courts and the administration of justice. As noted above, Attraction House still has a counterclaim pending against plaintiff. The only way Attraction House can prosecute that counterclaim is through counsel. Otherwise, the Court will be left with no choice but to enter judgment on the counterclaim in favor of the plaintiff and against Attraction House.

Id. at *3. Based on the above observations, the court stated that it could not conclude that the continued appearance of the defendant's counsel would serve no meaningful purpose. Id. at *4. To the contrary, the court explained that the continued presence of its counsel might convince the defendant "to give serious consideration to whether it intends to abide by the future rulings of this Court and resolve this matter in this Court." Id. The court further stated that it would not have the same effect if the defendant's counsel was permitted to withdraw, but continued to provide its former client with copies of all documents served upon it. Id.

The Mansfield firm requests that it be permitted to withdraw from representation, and that the Court send a letter to its clients informing them that they are still subject to the November 30, 2001 Order. The Mansfield firm offers to help with this letter in any way that will be useful.

The Mansfield firm states that there is good cause under the Local Rules for withdrawal. Minnesota Rule of Professional Conduct 1.16(a) states that a lawyer shall withdraw from representation of a client if discharged. The Mansfield firm further explains that it no longer serves any meaningful purpose, and no longer influences its former client in what it chooses to do in the future. Further, according to the Mansfield firm, any international enforcement problems will exist whether or not it is kept on as counsel. The Mansfield firm also argues that if it is kept on at this point as an officer of the Court, but with no authority from its client to act, it will be forced into both an ethical dilemma and a legal negligence problem.

The Mansfield firm states that Plaintiff has already gained everything it sought through Judge Rosenbaum's Order. Thus, the present case is unlike Weintraub, in which a trial was scheduled to take place in three weeks, and there were pending motions and counterclaims. Moreover, unlike Ohntrup, the present Defendants have no language difficulties, and have their

own lawyer in Beirut, Lebanon. In addition, there is no problem of an antiquated communication system. Therefore, according to the Mansfield firm, the reasoning of those cases does not require that the present withdrawal motion should be denied.

Plaintiff responds that the Court should not permit the Mansfield firm to withdraw at this point. Plaintiff fears that Defendants are likely to violate the November 30, 2001 Order. Allowing counsel to withdraw, Plaintiff explains, might communicate a message to Defendants that they are no longer accountable to the Court, and do not have to comply with its previous Order. Plaintiff also notes that corporations can not appear pro se, and hence, allowing the Mansfield firm to withdraw will prevent Defendants from appearing legally in court.

Plaintiff contends that, as in Weintraub, the current Lebanese claims indicate that there is pending legal activity. Plaintiff emphasizes that in Weintraub, the court was unwilling to allow discharged counsel to function simply as a mailbox. Instead, it believed counsel could still act as a buffer between the court and the defendants. Plaintiff concludes that in the present case, the Mansfield firm should be kept on to serve the same function. Specifically, it should continue to explain to its client the proceedings in the present case.

The Court grants the motion to withdraw. The Mansfield firm has shown good cause why it should be permitted to withdraw without substitution. In the present case, Defendants have clearly indicated that they no longer wish to be represented by their American counsel. Further, the present situation is distinguishable from Ohntrup and Weintraub. The present Defendants have their own counsel in Beirut, they have no difficulty communicating with American courts in English, and they are not limited to an antiquated communication system. Therefore, allowing counsel to withdraw will not leave Defendants unable to understand or

participate in American legal proceedings.

Instead, Defendants appear to have chosen to rely on their Lebanese counsel, rather than American counsel. Thus, the Lebanese counsel, rather than the Mansfield firm, should be responsible for explaining any legal proceedings to Defendants, and for advising them appropriately. Furthermore, there is no discovery currently underway. Nor is there an imminent trial in the present case. Consequently, the Mansfield firm's withdrawal at this point in time will not prejudice Defendants. The Mansfield firm is thus correct to state that it no longer serves any useful purpose in this litigation.

The Court, however, acknowledges Plaintiff's concern that Defendants comply with the November 30, 2001 Order. Consequently, the Court will take the time to clarify the effect, on Defendants, of the present Order. Granting the Mansfield firm's withdrawal motion in no way alters the binding effect of the November 30, 2001 Order upon Defendants. The Court continues to retain jurisdiction over Defendants, and Defendants continue to be legally obligated to comply with every ruling contained in that Order, as well as to comply with any future rulings in this case. Finally, the Mansfield firm is directed to serve a copy of this Order on Defendants.

**THEREFORE, IT IS HEREBY ORDERED that:**

(1) Defendants' Counsel's Motion to Withdraw (Doc. No. 52) is **GRANTED.**

Dated: March 1, 2002.

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge